UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Paul Singh and Sandeep Singh, *individually and on behalf of all others similarly situated* | ) ) ) ) Case No. |
| v. | ) ) ) |
| Payward, Inc., d/b/a Kraken | ) ) ) |
| Defendant. | ) ) |

# CLASS ACTION COMPLAINT

NOW COME Plaintiffs, Paul Singh and Sandeep Singh ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through their attorneys, James L. Simon of Simon Law Co., Michael L. Fradin of Fradin Law, and their associated attorneys, and brings this class action complaint against Payward, Inc. which operates an online "crypto currency" under the trade name, Kraken ("Kraken" or Defendant) pursuant to Fed. R. Civ. P. 23 and alleges as follows:

## NATURE OF THE ACTION

1. This is a Class Action for money damages arising from Defendant's violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, ("BIPA") in that Defendant illegally collected, stored and used Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2. Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

1

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

2. In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) Illinois enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

3. In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendant collected, stored, and used – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens.

4. If Defendant's database of biometric information were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive biometric identifiers belong could have their identities stolen. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment. Yet Defendant never adequately informed anyone of its biometrics collection

practices, never obtained written consent from employees and former employees regarding its biometric practices, and never provided any data retention or destruction policies to anyone.

5. Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23 and on behalf of all others similarly situated ("the Class"), bring this action against for claims against Kraken relating to actual harm and injury suffered by Plaintiff and others who are similarly situated.

## PARTIES

### I. PLAINTIFF

6. Plaintiffs are and at all times relevant to this action were, a resident of Illinois.

7. Plaintiffs opened or used the Kraken platform following Kraken's adoption of biometric security and identification features and within the five years preceding the filing of this Action.

8. Upon opening or using their accounts with Kraken, Plaintiffs were required undergo a identify verification process whereby Defendant required Plaintiff to submit to numerous face scans to verify his identity and secure their Kraken accounts.

9. Moreover, Kraken required or encouraged Plaintiffs to submit to thumbprint or fingerprint scans to be used as an additional security feature on their Kraken accounts.

10. At no time were Plaintiffs informed in writing that their biometric information was being collected or stored or of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

11. At no time did Plaintiffs execute a writing releasing or permitting Defendant to utilize their biometric information.

12. At no time were Plaintiffs provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of their biometric information.

3

## II. DEFENDANT

13. Defendant Payward, Inc., does business as "Kraken" and is a Delaware corporation which is duly licensed to transact business within the state of Illinois.

14. Kraken is an online marketplace which offers its clients the ability to buy and sell "crypto currency".

15. Kraken promotes its use of biometric information, including both face scans and fingerprint technology, which Kraken obtains from its users and then utilizes to facilitate trading and account management from its app-based platform.

16. However, Kraken does not inform its users in writing that biometric identifiers or information will be collected or stored.

17. Kraken does not inform its users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used.

18. Kraken does not receive a written releases from its users for the collection of his or her biometric identifiers or information.

19. Kraken does not publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.

## JURISDICTION AND VENUE

20. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

21. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred withing this judicial district.

22. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs and the proposed class members are all residents of Illinois, Defendant is a resident of the state of Delaware and the amount in controversy exceeds $75,000.

23. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

## FACTS COMMON TO ALL COUNTS

### I. Illinois' Biometric Information Privacy Act

24. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

25. Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of

5

the individual's last interaction with the private entity, whichever occurs first. 740 ILCS 14/15(a).

26. As alleged herein, Kraken's practice of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## II. Defendant's Utilization of Biometric Information to Advance their Commercial Interests

27. Kraken has implemented biometric technology including face scans and fingerprinting to facilitate trading and account management from its app-based platform., and/or in in furtherance of Kraken's role in operating, managing, conducting or directing the business interests.

28. Plaintiffs' biometric information was collected, captured, stored and used by Defendant in furtherance of the commercial interests of the Defendant.

## III. Defendant's Violations of Illinois' Biometric Information Privacy Act

29. Defendant utilized its face and finger reader/scanner for the purposes of facilitate trading and account management from its app-based platform.

30. Upon investigation and belief, Defendant is violating BIPA in collecting and storing the biometric information of all of their Illinois users, as Kraken is not first informing users in writing that their biometric information is or will be collected and stored; Kraken is not first informing users in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used; nor is Kraken first securing written releases from each respective user.

**CLASS ACTION ALLEGATIONS**

31. This action is brought by the named Plaintiff on his own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23, defined as follows: All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendant in violation of 740 ILCS 14/1, et. seq.

32. All members of the proposed Class are citizens of Illinois. The principal injuries resulting from the alleged conduct or any related conduct were incurred in Illinois.

33. The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendant's, and it is believed that the Class may include hundreds or thousands of members.

34. Common questions of law or fact arising from the Defendant's conduct exist as to all members of the Class, as required Fed. R. Civ. P. 23. These common questions include, but are not limited to, the following:

    a. Whether the Defendant captured, collected, stored or used the biometric information of Plaintiff and the Class?

    b. If the Defendant captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendant inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

    c. If the Defendant captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendant inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

    d. If the Defendant captured, collected, stored or used the

      biometric information of the Plaintiff's and the Class, did the Defendant receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally authorized representative?

  e. If the Defendant captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendant develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

  f. Whether Defendant required employees to provide biometric information?

  g. Whether the Defendant captured, collected, stored or used the biometric information of customers?

35. Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

36. Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency,

promote parity among the claims of individual Class members, and result in judicial consistency.

37. Plaintiffs will fairly and adequately protect the interests of the Class which Plaintiffs represent. The interests of Plaintiffs, as the Class representatives, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

38. The prosecution of separate actions by individual members of the Class would create a risk of:

    a. Inconsistent or varying adjudications with respect to individual members of the Class; and

    b. Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

39. Plaintiffs and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I
**Violation of 740 ILCS 14/1 et seq. (On Behalf of Plaintiff and the Class)**

40. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

41. Defendant is duly licensed to transact business in the State of Illinois.

42. Defendant is a "private entity" pursuant to BIPA.

43. Defendant is a private entity that collects biometric information from many of the employees.

44. BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored; (2) informs the subject. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

45. Plaintiffs and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant or its agents through, *inter alia*, copying/recording of their respective face scans, fingerprints and possibly other individual biometric data points.

46. Defendant's receipt, collection, storage, and/or trading of the Plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

47. Also, Defendant failed to properly inform the Plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

48. Similarly, Defendant failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of Plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiffs and the class members with a retention schedule or guidelines for permanently destroying Plaintiffs' or the class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

49. Upon information and belief, Defendant disclosed Plaintiffs' and the class members' biometric identifiers and biometric information to at least one third-party vendor.

50. Defendant's collection, storage, trading, and/or use of the Plaintiffs' and class members' biometric identifiers, information or data described herein, violates the rights of each

10

plaintiff and class member to keep private this information, as provided in BIPA.

**WHEREFORE**, individually, and on behalf of the proposed class members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Kraken has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

### SECOND CAUSE OF ACTION
### Negligence
### (On Behalf of Plaintiff and the Class)

42. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

43. Defendant owed Plaintiffs and the class members a duty of reasonable care. That duty required that Defendant exercise reasonable care in the collection and use of Plaintiffs' and the class members' biometric data.

44. Additionally, Defendant owed Plaintiffs and the class members a heightened duty – under which it assumed a duty to act carefully and not put Plaintiffs and the class members at undue risk of harm because of the relationship of the parties.

45. Defendant breached its duties by failing to implement reasonable procedural safeguards around the collection and use of Plaintiffs' and the class members' biometric identifiers and biometric information.

46. Specifically, Defendant breached its duties by failing to properly inform

Plaintiffs and the class members in writing of the specific purpose or length for which their fingerprint information was being collected, stored, and used.

47. Defendant also breached its duties by failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the class members' fingerprint data.

48. Upon information and belief, Defendant breached its duties because it lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the class members' biometric data and has not and will not destroy Plaintiffs' or the class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied within three years of individuals' last interactions with the company.

49. These violations have raised a material risk that Plaintiffs' and the class members' biometric data will be unlawfully accessed by third parties.

50. Defendant's breach of its duties proximately caused and continues to cause an invasion of Plaintiffs' and the class members' privacy.

**Wherefore**, Plaintiffs seeks an order declaring that Defendant's conduct constitutes negligence and awarding Plaintiffs and the class members damages in an amount to be calculated at trial.

Dated: January 20, 2023  Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (pro hac vice forthcoming)
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com